# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| THE STATE OF IOWA, in its sovereign capacity;<br><br>THE STATE OF MISSOURI, in its sovereign capacity;<br><br>THE AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE,<br><br>　　　　　　*Plaintiffs,*<br><br>v.<br><br>LETITIA JAMES, in her official capacity as the Attorney General of New York;<br><br>AMANDA LEFTON, in her official capacity as Commissioner of the New York State Department of Environmental Conservation,<br><br>　　　　　　*Defendants.* | Civil Case No.: 4:26-cv-00752-HEA |

## MEMORANDUM IN SUPPORT OF NEW YORK OFFICIALS' MOTION TO DISMISS

LETITIA JAMES
Attorney General of the State of New York
*Attorney for New York Officials*
Environmental Protection Bureau
New York State Department of Law
The Capitol
Albany, New York 12224-0341
(518) 776-2406

NICHOLAS C. BUTTINO
REBECCA BUDROW
MEREDITH LEE-CLARK
Assistant Attorneys General
　Of Counsel

Dated:　　July 10, 2026

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................ii

PRELIMINARY STATEMENT .......................................................................... 1

LEGAL AND FACTUAL BACKGROUND ......................................................... 2

ARGUMENT ..................................................................................................... 3

POINT I ............................................................................................................ 3

THE COURT LACKS PERSONAL JURISDICTION OVER THE NEW YORK
OFFICIALS ....................................................................................................... 3

    A.   The New York Officials Do Not Have Minimum Contacts with
        Missouri. ..................................................................................... 5

    B.   There Is No Jurisdiction under Missouri's Long-Arm Statute....................... 8

POINT II ........................................................................................................... 9

VENUE IS IMPROPER ...................................................................................... 9

    A.   The New York Officials Do Not Reside in the Eastern District
        of Missouri. ................................................................................. 9

    B.   A Substantial Part of the Events or Omissions Giving Rise to
        the Claim Did Not Occur in the Eastern District of Missouri...................... 10

    C.   Venue is Proper in the Northern District of New York and the
        Eastern District of Missouri Lacks Personal Jurisdiction Over
        the New York Officials. ................................................................ 12

CONCLUSION.................................................................................................. 13

**TABLE OF AUTHORITIES**

**Cases**

*Acuity v. Rex, LLC*, 929 F.3d 995 (8th Cir. 2019) ...................................................... 6

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. Tex.*, 571 U.S. 49 (2013) .......... 9

*Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948 (8th Cir. 2022)............... 5

*Cepia, LLC v. Universal Pictures Visual Programming Ltd.*, 177 F. Supp. 3d 1129
 (E.D. Mo. 2016).......................................................................................................... 8

*Eagle Tech. v. Expander Ams., Inc.*, 783 F.3d 1131 (8th Cir. 2015) .......................... 6

*Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816 (8th Cir. 2014).......................... 4

*Federated Mut. Ins. Co. v. FedNat Holding Co.*, 928 F.3d 718 (8th Cir. 2019).......... 6

*Hawkeye Gold, LLC v. China Nat'l Materials Indus. Imp. & Exp. Corp.*, 89 F.4th
 1023 (8th Cir. 2023), *reh'g & reh'g en banc denied*, No. 22-2800, 2024 WL 261624
 (8th Cir. Jan. 24, 2024) ....................................................................................... 4, 5

*Iowa Pork Producers Ass'n v. Bonta*, No. 21-CV-3018, 2021 WL 4465968 (N.D. Iowa
 Aug. 23, 2021).................................................................................................... 7, 11

*Miller v. Nippon Carbon Co.*, 528 F.3d 1087 (8th Cir. 2008) ...................................... 5

*Missouri v. Biden*, 738 F. Supp. 3d 1113 (E.D. Mo. 2024), aff'd & remanded sub
 nom., Missouri v. Trump, 128 F.4th 979 (8th Cir. 2025)...................................... 12

*Morningside Church, Inc. v. Rutledge*, 9 F.4th 615 (8th Cir. 2021) .................. passim

*Nat'l Ass'n of Home Builders v. EPA*, 675 F. Supp. 2d 173 (D.D.C. 2009) ............... 11

*Nat'l Pork Producers Council v. Ross*, 598 U.S. 356 (2023) ....................................... 7

*Pederson v. Frost*, 951 F.3d 977 (8th Cir. 2020) ......................................................... 6

*Steen v. Murray*, 770 F.3d 698 (8th Cir. 2014) ............................................... 10, 11, 12

*Walden v. Fiore*, 571 U.S. 277 (2014) ........................................................................... 4

*West Virginia v. James*, No. 25-cv-168 (N.D.N.Y. Feb. 6, 2025) ................................ 3

*Woodke v. Dahm*, 70 F.3d 983 (8th Cir. 1995) ................................................. 9, 10, 11

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ............................... 5

**Federal Statutes**

28 U.S.C. § 1391 ..................................................................... 9, 10, 11, 12

**Federal Rules**

Fed. R. Civ. P. 12 ........................................................................ 3, 9, 12

Fed. R. Civ. P. 4 ................................................................................... 4

**State Statutes**

2019 N.Y. Sess. Laws ch. 106 ............................................................... 2

2026 N.Y. Sess. Laws ch. 58 ................................................................ 2

Mo. Rev. Stat. § 506.500(1) ............................................................. 8, 9

N.Y. Env't Conserv. Law § 19-0103 ...................................................... 2

**State Regulations**

N.Y. Comp. Codes R. & Regs. § 253-1.1. ............................................... 2

N.Y. Comp. Codes R. & Regs. § 253-1.2 ............................................. 2, 3

N.Y. Comp. Codes R. & Regs. § 253-1.3 ............................................. 2, 3

N.Y. Comp. Codes R. & Regs. tit. 6, pt. 253 ......................................... 2

## PRELIMINARY STATEMENT

Plaintiffs Iowa, Missouri, and the American Free Enterprise Chamber of Commerce (AmFree) (collectively, the States and AmFree) improperly bring this action in the Eastern District of Missouri to challenge New York's greenhouse gas reporting regulations. Defendants are the New York State Attorney General and the Commissioner of the New York State Department of Environmental Conservation (collectively the New York Officials), who are state officials responsible for implementing and enforcing New York's regulations. The Court should dismiss this proceeding for lack of personal jurisdiction and improper venue.

There is no personal jurisdiction over the New York Officials because the complaint neither establishes the required constitutional minimum contacts nor satisfies Missouri's long-arm statute. First, the complaint does not allege that the New York Officials have availed themselves of Missouri or done business there. Second, the complaint alleges no facts showing the New York Officials' alleged acts fall under the long-arm statute.

Further, the Eastern District of Missouri is an improper venue. The challenged conduct occurred in New York, not in Missouri; it is the New York Officials' alleged actions, not the States' and AmFree's purported harms, that matter to establish proper venue.

For these reasons, the New York Officials respectfully request that the Court dismiss the complaint.

**LEGAL AND FACTUAL BACKGROUND**

In 2019, the New York Legislature passed the Climate Leadership & Community Protection Act (Climate Act) to reduce the harms to New Yorkers from climate change. 2019 N.Y. Sess. Laws ch. 106; *see also* N.Y. Env't Conserv. Law § 19-0103 (stating New York's air pollution control policy); 2026 N.Y. Sess. Laws ch. 58 (amendments). The Legislature directed the Department to establish statewide emissions limits that reduce greenhouse gases by certain dates and to promulgate regulations to reach those emissions limits. In part to assist in meeting the Climate Act's directives, the Department promulgated regulations requiring reporting of greenhouse gas emissions. N.Y. Comp. Codes R. & Regs. tit. 6, pt. 253. These regulations "establish a mandatory greenhouse gas (GHG) reporting program to provide information about GHG emissions from GHG emission sources." *Id.* § 253-1.1. The regulations list six reporting categories: owners and operators of a facility in New York; fuel suppliers; waste haulers and transporters; electric power entities; suppliers of agricultural lime and fertilizer; and anaerobic digestors. *Id.* § 253-1.2(b).

Fuel suppliers include suppliers of liquid fuels and petroleum products. *Id.* § 253-1.2(b)(2)(ii). Fuel suppliers must only report "when they own and distribute for sale any affected liquid or gaseous fuel." *Id.* § 253-1.2(i). To have a reporting obligation, suppliers of liquid fuels must exceed applicability thresholds of an "affected liquid fuel." *Id.* § 253-1.2(c)(3)(ii)(b). Affected liquid fuel means "[l]iquid fuels or petroleum products owned in New York *and* destined for, or resulting in, final sale in New York." *Id.* § 253-1.3(b)(8) (emphasis added). Fuel suppliers must only

report if they produce a threshold volume of affected liquid fuels. *See id.* §§ 253-1.2(c)(3)(ii)(b), 253-1.3(b)(8).

The States and AmFree challenge New York's greenhouse gas reporting regulations. Compl. ¶ 1, Dkt. No. 1. While the States and AmFree admit that "New York may, consistent with the Constitution and federal law, regulate individuals and firms located or conducting business within New York's borders[,]" they assert that the reporting requirements extend to entities outside of New York who have no connection to the State. *Id.* ¶ 6. They seek to invalidate the regulations; prohibit enforcement; and, alternatively, enjoin enforcement in Iowa and Missouri and against AmFree's members. *Id.* 51. The States and AmFree do not, however, allege that the challenged regulations were developed outside of New York, that the New York Officials have contacts with Missouri, or that enforcement has occurred anywhere, let alone outside of New York.[1]

**ARGUMENT**

**POINT I**

**THE COURT LACKS PERSONAL JURISDICTION OVER THE NEW YORK OFFICIALS**

The Court should dismiss the complaint because there is no personal jurisdiction over the New York Officials. *See* Fed. R. Civ. P. 12(b)(2). District courts

---

[1] In 2025, Iowa and Missouri, along with other states and trade groups, challenged a New York statute in a lawsuit against the New York Attorney General and other state officials in the United States District Court for the Northern District of New York. *West Virginia v. James*, No. 25-cv-168. Defendants in that case argued neither that the Northern District of New York lacked personal jurisdiction over them nor that that court was the improper venue.

have personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). "To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction over the challenging defendant." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (citation omitted). For specific personal jurisdiction over a nonresident defendant in a particular lawsuit under a State's long-arm statute, rather than general jurisdiction for the purpose of all lawsuits, "the defendant's suit-related conduct must create a substantial connection with the forum State," also known as "minimum contacts," to satisfy the due process clause. *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (citations omitted). "A district court may exercise specific jurisdiction over an out-of-state defendant only to the extent permitted by the state's long-arm statute and the Constitution's due process clause." *Morningside Church, Inc. v. Rutledge*, 9 F.4th 615, 619 (8th Cir. 2021) (quotation marks & citation omitted). "The burden of proof is on a plaintiff seeking to establish the district court's jurisdiction; this burden does not shift because the defendant challenges jurisdiction." *Hawkeye Gold, LLC v. China Nat'l Materials Indus. Imp. & Exp. Corp.*, 89 F.4th 1023, 1030 (8th Cir. 2023) (citation omitted), *reh'g & reh'g en banc denied*, No. 22-2800, 2024 WL 261624 (8th Cir. Jan. 24, 2024).

Here, the jurisdictional statement, Compl. ¶¶ 23-26, does not plead any basis for personal jurisdiction. Because the New York Officials are not residents of Missouri and the complaint does not allege that they have "continuous and systematic contacts

4

with the forum state," *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1091 (8th Cir. 2008) (cleaned up), this Court lacks general jurisdiction over them. As a result, the allegations in the complaint must show specific jurisdiction for the purposes of this lawsuit under Missouri's long-arm statute, as constrained by the minimum contacts required by the due process clause. It does not for the reasons stated below.

**A.      The New York Officials Do Not Have Minimum Contacts with Missouri.**

There is no personal jurisdiction because the New York Officials lack constitutional minimum contacts with Missouri. "Due process requires that the defendant purposefully establish 'minimum contacts' in the forum state such that asserting personal jurisdiction and maintaining the lawsuit against the defendant does not offend 'traditional conceptions of fair play and substantial justice.'" *Hawkeye Gold*, 89 F.4th at 1032 (citation omitted); *see also World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 299 (1980) (dismissing for lack of personal jurisdiction based on no minimum contacts). The contacts "must be more than random, fortuitous, or attenuated, and must permit the defendant to reasonably anticipate being haled into court there." *Morningside Church*, 9 F.4th at 619 (cleaned up); *see also Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 953 (8th Cir. 2022) (same).

To assess minimum contacts, the Eighth Circuit applies a five-prong test. *Morningside Church*, 9 F.4th at 619-620 (citation omitted). Those prongs are: "(1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." *Id.*

(cleaned up). The first three prongs are the most important. *Id.* at 620 (citation omitted); *see also Pederson v. Frost,* 951 F.3d 977, 980 (8th Cir. 2020). The Eighth Circuit applies this five-prong test in a variety of cases. *See, e.g., Morningside Church,* 9 F.4th at 619-620 (constitutional claims); *Acuity v. Rex, LLC,* 929 F.3d 995, 1002 (8th Cir. 2019) (insurance claim); *Federated Mut. Ins. Co. v. FedNat Holding Co.,* 928 F.3d 718, 720 (8th Cir. 2019) (trademark dispute); *Eagle Tech. v. Expander Ams., Inc.,* 783 F.3d 1131, 1136-37 (8th Cir. 2015) (contract dispute). Moreover, personal jurisdiction is based on a defendant's conduct in the forum state, not a plaintiff's injury in the forum state. *Morningside Church,* 9 F.4th at 620; *see also Acuity,* 929 F.3d at 1002 (evaluating defendant's activities "within the forum state").

*Morningside Church* is instructive because it describes the limits of personal jurisdiction on out-of-state governmental actors. The plaintiff, a pastor and televangelist in Missouri, sued the Arkansas Attorney General and the Los Angeles City Attorney for alleged violations of his constitutional rights. *Morningside Church,* 9 F.4th at 617. The plaintiff had advertised a product that supposedly killed pathogens, including the coronavirus. *Id.* The Arkansas Attorney General investigated the plaintiff about deceptive trade practices, sent an investigation demand, and threatened legal action. *Id.* at 617-18. The Los Angeles City Attorney also sent the plaintiff a letter demanding the plaintiff support his claims. *Id.* at 617.

The court affirmed dismissal for lack of personal jurisdiction due to insufficient contacts because there was no allegation that the defendants had visited Missouri or had business in Missouri. *Id.* at 620. It found isolated calls and letters were

insufficient to create contacts, explaining that the sole connection to Missouri was that the plaintiffs "happened to reside there." *Id.* at 621 (cleaned up). The court noted that the forum would be inconvenient for the defendants. *Id.* Accordingly, there was no personal jurisdiction in Missouri. *Id.*

Similarly, in *Iowa Pork Producers Ass'n v. Bonta*, the court dismissed for lack of personal jurisdiction where the plaintiffs sued in the Northern District of Iowa to challenge California's regulations. No. 21-CV-3018, 2021 WL 4465968, at *12 (N.D. Iowa Aug. 23, 2021). The plaintiffs challenged California's regulations on animal welfare for alleged violations of the commerce, due process, privileges and immunities, and equal protection clauses. *Id.* at *3. The court applied the five-prong test and concluded that there were insufficient minimum contacts because the defendants (including the California Attorney General and the California Secretary of Food and Agriculture) did not reside in Iowa, did not communicate with people in Iowa, and did not operate offices or facilities in Iowa. *Id.* at *7; *see also Nat'l Pork Producers Council v. Ross*, 598 U.S. 356, 390-91 (2023) (affirming dismissal of challenge to regulations for failure to state a claim).

Here, there are no allegations demonstrating the New York Officials have minimum contacts with Missouri. The States and AmFree's jurisdictional statement, Compl. ¶¶ 23-26, does not address personal jurisdiction. As in *Iowa Pork Producers*, the States and AmFree challenge another State's regulations based on their purported impact on out-of-state entities. *See* 2021 WL 4465968, at *12. Attorney General James and Commissioner Lefton are New York officials who reside and work

in New York. The complaint does not allege that they conducted business in Missouri, developed or implemented the regulations in Missouri, have offices in Missouri, or even sent letters or made phone calls to Missouri residents, as in *Morningside Church*. *See* 9 F.4th at 620. As such, it fails to establish that the New York Officials have minimum contacts with Missouri and thus there is no basis for personal jurisdiction.

**B.     There Is No Jurisdiction under Missouri's Long-Arm Statute.**

Even if the New York Officials had minimum contacts with Missouri, which they do not, the States and AmFree do not establish jurisdiction under Missouri's long-arm statute, as also required for personal jurisdiction. Missouri lists six types of actions qualifying for personal jurisdiction. Mo. Rev. Stat. § 506.500(1). Those actions include: transaction of business; making a contract; commission of a tort; ownership or use of real estate; insurance of person or property in the state; or "[e]ngaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child." *Id.*; *see also Cepia, LLC v. Universal Pictures Visual Programming Ltd.*, 177 F. Supp. 3d 1129, 1139 (E.D. Mo. 2016) (citations omitted) (listing provisions of long-arm statute). Only causes of action arising out of these enumerated provisions may be asserted under the long-arm statute. Mo. Rev. Stat. § 506.500(3).

The complaint fails to allege any facts that fall under any provision of the Missouri long-arm statute. There is no business, contract, tort, ownership of real estate, insurance, or children related to any alleged conduct in Missouri. Without those factual allegations, at a minimum, there is no jurisdiction under Missouri's

long-arm statute and therefore no personal jurisdiction in the Eastern District of Missouri. *See id.*

## POINT II

## VENUE IS IMPROPER

Even if the Court had personal jurisdiction over the New York Officials, which it does not, the Eastern District of Missouri is an improper venue. *See* Fed. R. Civ. P. 12(b)(3). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in 1391(b)." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. Tex.*, 571 U.S. 49, 56 (2013). "If it does, venue is proper; if it does not, venue is improper and . . . must be dismissed or transferred under [Section] 1406(a)." *Id.* Venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Venue rules exist "to ensure that a defendant is not haled into a remote district having no real relationship to the dispute." *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) (cleaned up).

**A.**   **The New York Officials Do Not Reside in the Eastern District of Missouri.**

First, venue is improper in the Eastern District of Missouri under 28 U.S.C. § 1391(b)(1). The States and AmFree do not contend that either New York Official resides in the Eastern District of Missouri. The New York Officials, who are officers

of New York and are sued in their official capacity only, reside in New York. Thus, venue in the Eastern District of Missouri is not proper under section 1391(b)(1).

**B.     A Substantial Part of the Events or Omissions Giving Rise to the Claim Did Not Occur in the Eastern District of Missouri.**

Second, venue is improper under section 1391(b)(2) because neither "a substantial part of the events or omissions giving rise to the claim" occurred in the Eastern District of Missouri nor "a substantial part of property that is the subject of the action" is in the Eastern District of Missouri. 28 U.S.C. § 1391(b)(2). While section 1391(b) "does not posit a single appropriate district for venue," the Eighth Circuit has interpreted section 1391(b)(2) "to require courts to focus on relevant activities of the defendant, not of the plaintiff." *Woodke*, 70 F.3d at 985 ("[I]t is not easy to know how a plaintiff's 'omissions' could ever be relevant to whether a claim has arisen."). Though a court may consider factors other than "the defendant's allegedly wrongful activities[,]" "the court's *focus* must be on relevant activities of the defendant in the forum state, not on the effect of those activities on the plaintiff in the forum state." *Steen v. Murray*, 770 F.3d 698, 703 (8th Cir. 2014) (cleaned up).

Here, venue is improper under section 1391(b)(2) because "a substantial [portion] of the events or omissions giving rise to the claim" did not occur in the Eastern District of Missouri. *See id.* at 702. No "relevant activities of the defendant" occurred in the Eastern District of Missouri. *See id.* at 703. The complaint challenges regulations promulgated in New York, using New York statutory authority. New York is where the regulatory officials operate, make enforcement decisions, and house relevant records. Therefore, any "events and omissions" that give rise to this claim

occurred in New York, not the Eastern District of Missouri. The only connections that the New York Officials have to the Eastern District of Missouri would be the alleged effects of the issuance of the regulations on the States and AmFree, but venue focuses on the relevant activities of the New York Officials rather than the plaintiffs. *Id.* at 703; *see also Woodke,* 70 F.3d at 985 ("[I]f Congress had wanted to lay venue where the plaintiff was residing when he was injured, it could have said so expressly.").

Indeed, venue for regulatory challenges is proper in the state where the decision-making process occurred. *Nat'l Ass'n of Home Builders v. EPA*, 675 F. Supp. 2d 173, 179 (D.D.C. 2009). For example, in *Iowa Pork Producers*, the court found venue in Iowa was improper in a challenge to a California law that required pork producers who sold meat in California to meet animal welfare standards. 2021 WL 4465968, at *12. Although there would be some effects of the law felt in Iowa, "a substantial portion of the events did not occur in Iowa" and "defendants' actions took place in California and plaintiffs have not alleged facts showing the brunt of the harm occurred in Iowa[.]" *Id*. Here, the States and AmFree challenge regulatory actions that took place in another state, and their complaint does not demonstrate that "the brunt of the harm" they allege would occur in their chosen venue. *Id.*

Additionally, the States and AmFree cannot argue that a substantial part of property that is subject to the action is situated in this judicial district. *See* 28 U.S.C. § 1391(b)(2). The "substantial part of property" provision in section 1391(b)(2) "appl[ies] only to suits involving property disputes or in rem actions." *Steen*, 770 F.3d

11

at 704 (cleaned up). The complaint does not allege that the challenged regulations create a real property dispute.

Accordingly, venue is improper in the Eastern District of Missouri under the second prong of section 1391.

**C.     Venue is Proper in the Northern District of New York and the Eastern District of Missouri Lacks Personal Jurisdiction Over the New York Officials.**

Finally, venue would be proper in the Eastern District of Missouri under section 1391(b)(3) only if there were no other venue that would be proper and this Court had personal jurisdiction over the New York Officials, neither of which is true. There is venue in New York because, as discussed, the New York Officials reside in New York, and all the relevant events occurred there. Venue would be proper in the Northern District of New York because it encompasses New York's capital. *See Missouri v. Biden*, 738 F. Supp. 3d 1113, 1144 (E.D. Mo. 2024), *aff'd & remanded sub nom., Missouri v. Trump*, 128 F.4th 979 (8th Cir. 2025) ("[W]hen a plaintiff seeks to sue Missouri officials for official actions, the Western District is the proper venue for such a case" because Missouri's capital is in that district). Moreover, as explained above, this Court lacks personal jurisdiction over the New York Officials. Because venue lays in another district and this Court lacks personal jurisdiction over the New York Officials, venue is improper under the third prong of section 1391.

As venue is not proper in the Eastern District of Missouri under section 1391, the Court should dismiss this action under Rule 12(b)(3).

# CONCLUSION

For the reasons stated above, the New York Officials respectfully request that the Court dismiss the complaint for lack of personal jurisdiction and improper venue.

Dated:    July 10, 2026
Albany, New York

LETITIA JAMES
Attorney General of the State of New York
*Attorney for the New York Officials*

By:*/s/ Nicholas C. Buttino*
Nicholas C. Buttino (E.D. Mo. # 5153739NY)
Rebecca Budrow (E.D. Mo. # 6067656NY)
Meredith G. Lee-Clark (E.D. Mo. # 518822NY)
Assistant Attorneys General
Environmental Protection Bureau
The Capitol
Albany, New York 12224-0341
(518) 776-2406
Nicholas.Buttino@ag.ny.gov