**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| THE STATE OF IOWA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    No. 4:26-CV-752 HEA |
| | ) |
| LETITIA JAMES, *in her official* | ) |
| *capacity as the Attorney General of* | ) |
| *New York,* et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Letitia James and Amanda Lefton's Motion to Dismiss. (ECF No. 14). Defendants move to dismiss for lack of personal jurisdiction or, alternatively, for improper venue.  Fed. R. Civ. P. 12(b)(2) and (3).  Plaintiffs, the State of Iowa, the State of Missouri, and the American Free Enterprise Chamber of Commerce ("AmFree"), failed to file a response to Defendants' Motion to Dismiss, and the time to do so has expired.  For the reasons that follow, the Court will grant Defendants' Motion to Dismiss for lack of personal jurisdiction.

### *Background*

On May 14, 2026, Plaintiffs the State of Iowa, the State of Missouri, and AmFree filed suit against Defendant Letitia James, the Attorney General of New

York, and Defendant Amanda Lefton, the Commissioner of the New York State Department of Environmental Conservation. In their cause of action, Plaintiffs challenge the State of New York's greenhouse gas ("GHG") regulations.  N.Y. Comp. Codes R. & Regs. tit. 6, pt. 253. The regulations at issue "establish a mandatory [GHG] reporting program to provide information about GHG emissions from GHG emission sources." *Id.* § 253-1.1. Plaintiffs contend that New York's GHG reporting regulations require Fuel Suppliers, which are defined to include ethanol and biodiesel producers and distributors, to register with and report to the State of New York the amount of Liquid Fuel that may be sold in New York, irrespective of where the initial sale or production occurs. Plaintiffs allege that the GHG reporting regulations reach and would apply to Fuel Suppliers in Iowa and Missouri, as well as to AmFree's members in the biofuels industry.  Plaintiffs claim the GHG reporting regulations are not only unconstitutional, but that they are also preempted by the federal Clean Air Act.

Plaintiffs bring the following claims against Defendants James and Lefton in their official capacities: Violation of the United States Constitution's Prohibition on Extraterritorial Regulation (Count I); Federal Preemption under the United States Constitution, art. VI, cl. 2 (Count II); Violation of the United States Constitution Due Process Clause, Amendment XIV (Count III); and Violation of the United States Constitution's Prohibition on Unreasonable Searches under the

2

Fourth Amendment (Count IV).  For relief, Plaintiffs seek a declaration, pursuant to 28 U.S.C. §§ 2201–02, that New York's GHG reporting regulations, N.Y. Comp. Codes R. & Regs. tit. 6, part 253, violate the United States Constitution's prohibition on extraterritorial state regulation, are preempted by the Clean Air Act, and violate Amendments XIV and IV to the Constitution. Plaintiffs also seek to enjoin Defendants under the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), from enforcing New York's GHG reporting regulations. In addition, Plaintiffs seek their attorneys' fees and costs.

In the motion at bar, Defendants argue that the Court should dismiss this cause of action for lack of personal jurisdiction and for improper venue. Defendants, who are New York officials, contend that there is no personal jurisdiction over them in Missouri, because the Complaint neither establishes the required constitutional minimum contacts nor satisfies Missouri's long-arm statute. They also argue that the Eastern District of Missouri is an improper venue, because the conduct Plaintiffs challenge occurred in New York, not in Missouri.

### *Discussion*

The Court will first take up the issue of personal jurisdiction. The party seeking to invoke the jurisdiction of a federal court bears the burden to establish that jurisdiction exists.  *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014).  To survive a motion to dismiss for lack of personal jurisdiction

under Rule 12(b)(2), "a plaintiff must make a *prima facie* showing of personal jurisdiction by pleading facts sufficient to support 'a reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state.'" *Velez v. Portfolio Recovery Assocs., Inc.*, 881 F. Supp. 2d 1075, 1080 (E.D. Mo. 2012) (quoting *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011) (internal quotations and citations omitted)). A defendant can make a factual challenge to personal jurisdiction, but "[t]he allegations in the Complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *Cantrell v. Extradition Corp. of Am.*, 789 F. Supp. 306, 308–09 (W.D. Mo. 1992); *see also Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1076 (8th Cir. 2004).  If the parties present conflicting affidavits, the Court "must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in [its] favor in deciding whether the plaintiff made the requisite showing." *Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996) *(citing K-V Pharmaceutical Co.,* 648 F.3d at 591–92). "The evidentiary showing required at the *prima facie* stage is minimal." *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010) (quotation omitted). "[J]urisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing." *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991). Because Plaintiffs did not respond to Defendants' Motion to Dismiss, the Court will

4

examine whether the allegations in the Complaint establish that there is personal jurisdiction over Defendants James and Lefton in Missouri.

Personal jurisdiction generally takes two forms: "'[G]eneral' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011)).[1]  The Court will address each in turn.

Under the theory of general jurisdiction, also known as all-purpose jurisdiction, "a court may hear a lawsuit against a defendant who has 'continuous and systematic' contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum." *Dever*, 380 F.3d at 1073 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984)).  However, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Plaintiffs' Complaint does not plead any basis for general personal jurisdiction over Defendants in Missouri. Defendants, who are New York officials, are not residents of Missouri, and there

---

[1]In 2023, the U.S. Supreme Court recognized an often-forgotten third method of obtaining personal jurisdiction over an out-of-state defendant. The Court held that state statutes requiring out-of-state corporations to consent to personal jurisdiction in the state as condition of registering to do business in a state do not violate the Due Process Clause. *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122 (2023). There is no indication that Defendants are subject to such a statute in Missouri.

are no allegations that they have "continuous and systematic contacts" in the state. *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1091 (8th Cir. 2008). The Court declines to find that Defendants James and Lefton are "at home" and subject to general jurisdiction in Missouri. *Dever*, 380 F.3d at 1076. The Court now turns to whether there is specific jurisdiction over the non-resident Defendants.

Specific jurisdiction requires the suit to arise out of or relate to the defendant's contacts with the forum state. *Bristol-Myers Squibb Co.*, 582 U.S. at 262 (citing *Daimler AG*, 571 U.S. at 127). The existence of personal jurisdiction over a non-resident defendant depends on the federal Due Process Clause and Missouri's long-arm statute. *Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 951 (8th Cir. 2022); *Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004). "Because the Missouri long-arm statute authorizes the exercise of jurisdiction over non-residents to the extent permissible under the due process clause," the Court will "turn immediately to the question whether the assertion of personal jurisdiction would violate the due process clause." *Eagle Tech. v. Expander Americas, Inc.*, 783 F.3d 1131, 1136 (8th Cir. 2015) (cleaned up).

"Due process requires that there be minimum contacts between the nonresident defendant and the forum state such that the assertion of personal jurisdiction is consistent with traditional notions of fair play and substantial justice." *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010) (citing

6

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "'Sufficient contacts exist when the defendant's conduct and connection with the  forum state are such that [it] should reasonably anticipate being haled into court there.'" *Id.* (quoting *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818 (8th Cir. 1994)). To support a finding of reasonable anticipation, "there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws.'" *Id.* (quoting *Bell Paper Box, Inc.*, 22 F.3d at 818–19). The "availment" requirement "ensures that a defendant will not be haled into a jurisdiction solely as the result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Fastpath, Inc.*, 760 F.3d at 821.

Courts in this circuit apply a five-factor test to determine the sufficiency of a non-resident defendant's contacts with the forum state. *Dever*, 380 F.3d at 1073. The five factors are: "(1) the nature and quality of [the defendant's] contacts with the forum state; (2) the quantity of the contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) [the] convenience of the parties." *Id.* at 1073–74 (quoting *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996)).

7

The Court is to give significant weight to the first three factors. *Id.* at 1074; *Fastpath, Inc.*, 760 F.3d at 821.

Here, there are no allegations that Defendants, who are New York officials, had any contact with Missouri.  The Complaint does not allege that they conducted business in Missouri, developed or implemented the regulations in Missouri, have offices in Missouri, or even sent letters or made phone calls to Missouri residents. As such, the allegations in Plaintiffs' Complaint fail to establish that Defendants James and Lefton had sufficient minimum contacts with Missouri to satisfy the requirements of due process for personal jurisdiction. *Morningside Church, Inc. v. Rutledge*, 9 F.4th 615, 619–620 (8th Cir. 2021) (in case alleging that the Arkansas Attorney General and district attorneys in California had violated the Missouri plaintiff's constitutional rights, held that the government officials lacked minimum contacts with Missouri for specific personal jurisdiction to apply). *See also Iowa Pork Producers Ass'n v. Bonta*, No. 21-CV-3018-CJW-MAR, 2021 WL 4465968, at *12 (N.D. Iowa Aug. 23, 2021) (in case challenging California's animal welfare regulations on constitutional grounds, held that there were insufficient minimum contacts because the defendants, who were California state officials, did not reside in Iowa, did not communicate with people in Iowa, and did not operate offices or facilities in Iowa).

*Conclusion*

For the reasons discussed above, Plaintiffs failed to make a *prima facie* showing of personal jurisdiction.  The Complaint is devoid of alleged facts sufficient to support a reasonable inference that Defendants James and Lefton had the required minimum contacts with Missouri such that they can be subjected to jurisdiction in this state.  Finding the Court lacks personal jurisdiction over Defendants, the Court denies as moot Defendants' alternative motion to dismiss for lack of venue.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Letitia James and Amanda Lefton's Motion to Dismiss is **GRANTED in part and DENIED in part as moot**. The motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure is **GRANTED,** and the alternative motion to dismiss for lack of venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure is **DENIED as moot.**   [ECF No. 14]

The Court shall issue a separate Order of Dismissal.

Dated this 11th day of August, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

9