**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| THE STATE OF IOWA, in its sovereign capacity; THE STATE OF MISSOURI, in its sovereign capacity; THE AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE,<br><br>*Plaintiffs*,<br><br>v.<br><br>LETITIA JAMES, in her official capacity as the Attorney General of New York; AMANDA LEFTON, in her official capacity as Commissioner of the New York State Department of Environmental Conservation,<br><br>*Defendants*. | Civil Case No.: 4:26-cv-00752-HEA |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs, the State of Iowa, the State of Missouri, and the American Free Enterprise Chamber of Commerce, through counsel, respectfully submit the August 31, 2026 decision in *West Virginia v. James*, No. 1:25-cv-00168 (BKS/DJS), ECF No. 318 (N.D.N.Y. Aug. 31, 2026), as supplemental authority in support of Plaintiffs' Opposition to Defendants' Motion to Dismiss (ECF No. 20). A copy of that decision is attached.

The decision involves the same Defendants—New York Attorney General Letitia James and New York Department of Environmental Conservation ("DEC") Commissioner Amanda Lefton—and addresses a pre-enforcement challenge to a different New York climate law. The court held that jurisdiction existed because New York failed to disclaim its asserted enforcement authority, finding future enforcement of that law insufficiently imminent. *Id.* at 30–31. Plaintiffs make a similar argument here. Opp'n 2, 6–7.

*West Virginia* determined that the law challenged there arguably applied to the plaintiffs and their members. It held that "New York has never disavowed that the Climate Act will be enforced against [Plaintiffs], nor has New York identified any reason to believe that the Act will not be enforced against these entities." *Id.* at 30. New York argued that DEC first had to promulgate regulations and determine which companies satisfied the statute's requirements before jurisdiction existed. *Id.* But the court ruled that uncertainty did not defeat jurisdiction because the relevant question is whether the plaintiffs had a "credible fear of enforcement," and New York's refusal to disclaim enforcement supported such a finding. *Id.* at 30–31. The court found threatened enforcement sufficient even where the government had "made no overt threat" to enforce the challenged law. *Id.* The court further explained that requiring plaintiffs to wait until DEC completed additional regulatory steps "would essentially require Plaintiffs to show they are in fact subject to an enforcement action," which pre-enforcement doctrine does not require. *Id.* at 31.

Although *West Virginia* addresses subject matter jurisdiction, its reasoning is relevant to personal jurisdiction. Defendants here argue that the absence of an enforcement notice or completed enforcement action against a Missouri entity undermines this Court's jurisdiction. Mem. in Supp. of Mot. to Dismiss 8 (ECF No. 14-1). But Defendants have not disclaimed the authority to apply or enforce the GHG Rule against Missouri producers, Missouri conduct, Missouri records, or Missouri property. Opp'n 2, 6–7. To the contrary, Defendants continue to defend the GHG Rule without limiting its asserted extraterritorial reach. *Id.*

*West Virginia* confirms what Plaintiffs argue here: "Defendants cannot claim the enforcement authority and disclaim the jurisdictional consequence of asserting it here." Opp'n 7. Plaintiffs therefore do not need to wait for Defendants to sue a Missouri producer before this Court has personal jurisdiction over Defendants.

DATED: September 4, 2026

Respectfully Submitted,

*/s/ Michael A. Petrino*
Michael A. Petrino (E.D. Mo. #994060DC)
Caleb Kruckenberg (E.D. Mo. #1617890DC)
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Ave, NW
Suite 625
Washington, DC 20036
(202) 833-8400
petrino@cir-usa.org
kruckenberg@cir-usa.org

*Counsel for Plaintiffs*

CATHERINE L. HANAWAY
Attorney General of Missouri

Louis J. Capozzi III, #77756(MO)
*Solicitor General*
William James Seidleck, #77794(MO)
*Principal Deputy Solicitor General*
Graham Miller, #77656(MO)
*Deputy Solicitor General*
Office of the Attorney General
Old Post Office Building
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (573) 645-9662
William.Seidleck@ago.mo.gov
Graham.Miller@ago.mo.gov

*Counsel for State of Missouri*

BRENNA BIRD
Attorney General of Iowa

Eric H. Wessan
*Solicitor General*
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 823-9117
(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov

*Counsel for State of Iowa*